OPINION
{¶ 1} Plaintiffs-appellants Judith A. Boggess and Danny E. Boggess appeal the May 20, 2002 Judgment Entry of the Stark County Court of Common Pleas, Probate Division, which found the John and Thelma Nosic Family Trust, as amended on July 7, 2000, to be valid. Defendant-appellee is Diana L. Albert, individually, as executrix of the estate of John Nosic, deceased, as administratrix of the estate of Thelma Nosic, deceased, and as trustee of the John and Thelma Nosic Family Trust.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellants were the named residuary beneficiaries under the John and Thelma S. Nosic Family Trust, which was executed on October 23, 1996, by John and Thelma Nosic, as "trustors" and also as "co-trustees." Appellee is the named residuary beneficiary in the amended John and Thelma S. Nosic Family Trust, which was executed by John Nosic, as trustor and trustee on July 7, 2000.
 {¶ 3} On March 1, 2002, appellants filed a complaint for declaratory judgment and construction of the trust. At trial appellants argued the amendment changed the obligations, duties and rights of Thelma Nosic as trustee without her written consent. The matter was tried on April 16, 2002, before the Stark County Court of Common Pleas, Probate Division, and completed on April 18, 2002. At trial, the following evidence was adduced.
 {¶ 4} Appellants were the care givers for John and Thelma from October 1996, through June of 2000. On October 23, 1996, the Nosics executed the John and Thelma S. Nosic Family Trust. The Nosics were co-creators of the trust as well as co-trustees. The Nosics named appellants as the beneficiaries of the trust and Judith Boggess as a successor trustee of the trust. The trust was amended by the Nosics on October 14, 1999, to name both Judith and Danny Boggess as co-successor trustees. On July 7, 2000, John Nosic amended the trust to change the beneficiary and successor trustee from appellants to appellee. Thelma Nosic did not sign the trust amendment as creator or trustee.
 {¶ 5} The parties do not dispute Thelma was very sick at the time of the amendment to the Trust. Although she had not been adjudicated incompetent, Thelma was unable to care for herself or make decisions for herself. From April 6 — May 30, 2000, Thelma was hospitalized, and transferred to two different nursing facilities. Thelma then moved in with appellants for five days, after which time she was hospitalized again for one month. Thelma returned home after that hospitalization. Guardianship proceedings for Thelma were commenced on June 30, 2000, and a guardian was appointed on July 17, 2000. Thelma died on July 21, 2000.
 {¶ 6} At trial, the trial court heard from Judith Palek, a visiting nurses aide, from Thelma's treating physician, Dr. James Johns, and from appellee concerning Thelma's mental condition after her return to her home on July 5, 2000. Ms. Palek testified Thelma was unable to communicate and it was difficult to know whether Thelma could understand people were attempting to communicate with her. Dr. Johns testified part of his discharge summary diagnosis of July 5, 2000, was "dementia." Appellee testified Thelma had become incoherent. Appellee agreed when the trust amendment was presented to Thelma on July 7, 2000, she could not speak intelligibly or answer questions. Unfortunately, Thelma's condition never improved.
 {¶ 7} Attorney John Wirtz testified that on July 7, 2000, John Nosic left his office with the original of the completed trust amendment. Appellee testified he took the amendment home, showed it to Thelma, and tried, as best as he could, to explain its significance to her. Appellee testified Thelma "started to grab it." Tr. at 435. Thereafter, John Nosic put the trust amendment into a cabinet in the room.
 {¶ 8} After hearing all the evidence, the trial court found the July 7, 2000 amendment to the trust was valid, and therefore, appellee was the proper beneficiary and successor to the trust. It is from that judgment entry appellants prosecutes this appeal, assigning the following error for our review:
 {¶ 9} "I. The Probate Court erred in determining that delivery of a trust amendment to the co-trustee was not required for the trust amendment to be valid."
 I. {¶ 10} In appellants' sole assignment of error, they maintain the trial court erred in determining the delivery of the trust amendment to the co-trustee was not required for the trust amendment to be valid. We disagree.
 {¶ 11} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
 {¶ 12} The trust agreement stated in relevant part:
 {¶ 13} "The Trust provides at Article IV as follows: "During our joint lives, this Trust, or any provision hereof, may be altered, revoked, or terminated in whole or in part by an instrument in writing signed by either one of us and delivered to the Trustee; provided, however, that the Trust may not be amended to change the obligations, duties, or rights of the Trustee without the written consent of the Trustee to such amendment. Upon the incompetency of either of us as defined by paragraph entitled "Incompetency", the Trust shall become irrevocable by the incompetent Trustor and shall not be altered, revoked, or terminated in whole or in part by said incompetent Trustor; however, the remaining competent Trustor may amend, revise, or revoke the Trust." (Exhibit 1, pp. 2-3).
 {¶ 14} "The Trust goes on to provide at Article V under the heading "Incompetency": "Should either of us become incapacitated through illness, age, or other cause as determined by the Trustee after consultation with our primary care physician, one other physician, and our family. (Exhibit 1, p. 3).
 {¶ 15} The Trust further provides, under Article XII, the paragraph entitled "Notices" as follows:
 {¶ 16} "Any notices of any communication required or permitted by this agreement to be delivered to or served on the Trustee shall be deemed properly to be delivered to, served on, and received by the Trustee when personally delivered, or in lieu of such personal service when deposited in the United States mail, certified mail with postage prepaid, addressed to the Trustee at his correct published address." (Exhibit 1, p. 12)."
 {¶ 17} In its May 2, 2002 Judgment Entry, the trial court found the following:
 {¶ 18} "It is evident to the Court that any communication to Mrs. Nosic relating to the trust was an exercise in futility.
 {¶ 19} "Diana Albert testified that the trust amendment was shown by Mr. Nosic to Mrs. Nosic on July 7, 2000. There was no testimony to contradict this statement. Whether the trust amendment was shown or not shown to Mrs. Nosic is immaterial because of her inability to comprehend anything of this significance. The law is not going to require the commission of a vain act."
 {¶ 20} Appellants contend John Nosic failed to abide by the trust agreement in that he failed to deliver the trust amendment to his co-trustee. Appellants argue the only evidence offered by appellee as to the delivery was appellee's own self-serving testimony. Appellants also argue the trial court found delivery was not required because the co-trustee was incompetent to receive delivery.
 {¶ 21} After reading the above-referenced trust provisions we find notice to Thelma of the amendment was effective when personally delivered. Again, Appellee testified she witnessed Mr. Nosic personally delivered the document to his wife. This testimony may be self-serving, but the trial court was free to accept or reject the testimony. Therefore we find the trial court had sufficient evidence upon which it could conclude the document was properly delivered.
 {¶ 22} We also note the trust agreement does not require the trustee to be competent to effectuate delivery. Therefore, if delivery of the amendment was necessary, we find the record supports the conclusion John Nosic delivered the amendment to Thelma, his co-trustee. Whether Thelma was competent to receive such delivery is irrelevant to the issue of delivery. Essentially, appellant asks us to add provisions to the trust agreement requiring the co-trustee be competent to accept delivery. We decline to do so.
 {¶ 23} Appellant also argues the trial court erred in finding delivery was not required because Thelma was incompetent at the time of delivery. Assuming arguendo delivery was required, we cannot find the trial court came to the opposite conclusion. The judgment entry indicates the trial court found John showed the trust amendment to Thelma. The trial court also noted there was no testimony to contradict this statement. In light of these facts, we cannot find the trial court found delivery was not required, even assuming such delivery was necessary.
 {¶ 24} Even if the trial court did find Thelma to be incompetent, appellants cannot prevail. The trust language states if one of the co-trustees should become incompetent, no delivery is required. The trust does not require an adjudication of incompetency, but rather permitted John to determine, after consultation with the primary physician and the family, Thelma had become incapacitated by illness, age or other cause. This is the trust definition of incompetency. As stated above, there was substantial evidence, from appellee, from the nurse's aide, and from Dr. Johns Thelma had become incapacitated. In other words, the record supports the finding Thelma was incompetent for purposes of the trust. Therefore, no delivery was required.
 {¶ 25} Finally, appellant contends if John actually found Thelma to be incompetent, he would not have re-appointed her co-trustee in the amendment. Though arguably inconsistent with a belief Thelma was incompetent, we do not find this dispositive. It is only a factor the trial court could consider in making its ultimate determination. The trial court is presumed to have considered this factor. In light of all of the evidence presented, we cannot find John's decision to re-appoint Thelma as co-trustee changed the remaining language of the agreement.
 {¶ 26} Appellant's sole assignment of error is overruled.
 {¶ 27} The May 20, 2002 Judgment Entry of the Stark County Court of Common Pleas, Probate Division, is affirmed.
By: Hoffman, P.J., Farmer, J. and Edwards, J. concur.